No. 01-325

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 290N

IN RE THE MARRIAGE OF

LAURA LOWEEN,

Petitioner/Respondent

and

DANIEL LOWEEN,

Respondent/Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel Loween (pro se), Deer Lodge, Montana

For Respondent:

David C. Humphrey, Humphrey Law Office, Polson, Montana

Submitted on Briefs: September 27, 2001
Decided: December 20, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Daniel Loween, appeals from a decree of dissolution entered by the District Court for the Twentieth Judicial District in Lake County. We affirm the District Court's decree.

¶3 Daniel raises numerous issues regarding evidentiary error, sufficiency of evidence and abuse of the District Court's discretion. However, we conclude that Daniel waived his objections to the District Court's actions by his failure to appear at trial, failure to object to Laura's proposed property distribution and for failure to provide a transcript of proceedings in the District Court from which this Court can review the evidence.

## FACTUAL BACKGROUND

¶4 Daniel and Laura Loween were married on May 28, 1996, in Lake County Montana. Laura petitioned the District Court for the Twentieth Judicial District in Lake County for a decree of dissolution of the marriage on February 26, 1999. After the District Court set a trial date, Daniel, who was incarcerated at the time, requested court-appointed counsel. The District Court denied the request on December 20, 2000. Daniel filed several motions related to a proposed distribution of the marital assets prior to trial. However, he did not move the court pursuant to § 25-10-109(1)(b), MCA, for an order allowing him to attend the trial.

¶5 At the trial, the District Court denied Daniel's motions, granted the dissolution, and entered findings of fact, conclusions of law, and a Final Decree. The District Court concluded that "[e]ach party is in possession of his/her own individual property." Daniel did not appear at the trial nor did he submit proposed findings or any other evidence for the District Court's consideration.

¶6 The District Court adopted Laura's proposed findings, which stated that each party was in possession of his or her own property and assumed responsibility for his or her own individual debts. Daniel appeals from the District Court's Final Decree of Dissolution.

## DISCUSSION

¶7 Daniel, appearing pro se, makes several arguments on appeal. He contends that:

¶8 1) Laura failed to comply with a pretrial order that she provide exhibits which place a value on all of the marital property;

¶9 2) the District Court adopted Laura's proposed findings, which were unsupported by evidence and which divided the marital property inequitably;

¶10 3) the District Court erred when it awarded a 1991 Geo Metro to Laura because Daniel contributed to its purchase and maintenance;

¶11 4) the District Court erred when it refused to consider supplemental evidence concerning property not included in pretrial responses;

¶12 5) the District Court failed to address Daniel's request for maintenance; and

¶13 6) the District Court erroneously awarded Daniel's personal property to Laura and some of that property has unique value which exceeds its fair market value.

¶14 Laura contends that Daniel waived the right to object to any evidentiary matters when he failed to appear at trial. Laura notes that Daniel did not request the opportunity to appear at trial, nor has he provided a transcript of the trial with which this Court can review his assertions of evidentiary error, insufficiency of the evidence, or abuse of discretion.

¶15 Both parties responded to the District Court's pretrial order by disclosing the value of marital assets. However, Daniel did not appear at trial, nor has he made his failure to appear an issue on appeal. The District Court adopted Laura's proposed findings of fact based on evidence she presented, which included a valuation of marital assets. That evidence was not objected to nor contradicted by Daniel. Moreover, Daniel has failed to propose any alternative distribution of the marital assets.

¶16 Consequently, we conclude that the arguments made by Daniel on appeal were waived by Daniel's failure to make timely objections or propose alternatives in the District Court and by his failure to provide this Court with a transcript of the District Court proceedings. For these reasons, the decree of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ JIM RICE